# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **GRANT WACHTELHAUSEN**, on behalf of himself and all others similarly situated, | ) ) ) CASE NO. _____ ) |
| Plaintiff, | ) **COLLECTIVE AND CLASS ACTION** ) **COMPLAINT** |
| v. | ) ) |
| **CCBCC, INC.**, | ) **JURY DEMAND ENDORSED HEREON** ) ) |
| Defendant. | ) |

Plaintiff Grant Wachtelhausen files this Complaint against Defendant CCBCC, Inc. seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq*. (FLSA); Ohio Revised Code (O.R.C.) § 4111.03(D) and § 4113.15 (OPPA), and O.R.C. §2307.60. The following allegations are based on personal knowledge of Plaintiff's own conduct, and upon information and belief as to the conduct and acts of others:

## INTRODUCTION

1. This case challenges policies and practices of Defendant that violate the FLSA.

2. Plaintiff brings this case "collective action" on behalf of himself and other "similarly situated" persons who may join this case pursuant to 29 U.S.C. §216(b).

3. Plaintiff brings this claim as a class action pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act on behalf of all similarly situated hourly workers currently or previously employed by Defendant in Ohio within the two years preceding the filing of this Action.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. Venue is proper in this forum pursuant to 28 U.S.C. § 1391.

6. The Court has supplemental jurisdiction over the asserted state law claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

## PARTIES

7. During relevant times, Plaintiff has been an adult individual residing in this District and Division.

8. At all relevant times, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e). Plaintiff has been employed by Defendant for approximately the last three years.

9. Defendant is a for-profit Delaware corporation that is registered to conduct business in Ohio.

10. At all relevant times, Defendant conducted business at 4500 Groves Rd., Columbus, OH 43232 (Franklin County).

11. Defendant can be served through its statutory agent: CT Corporation System, 4400 Easton Commons Way, Suite 125, Columbus, OH 43219.

12. At all relevant times, Defendant was an employer within the meaning of 29 U.S.C. § 203(d).

13. At all relevant times, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

14. At all relevant times, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

15. Plaintiff's' written Consent to Join form is attached as **Exhibit A**.

## FACTUAL ALLEGATIONS

### Unpaid Work Resulting From Use of Electronic Machinery

16. Defendant manufactures and bottles various beverages.

17. Plaintiff and others similarly situated are employed as non-exempt, hourly laborers.

18. Non-exempt work includes building pallets.

19. As part of their jobs, Plaintiff and others similarly situated use various electronic machinery such as forklifts and pallet jacks.

20. Plaintiff and others similarly situated are required to arrive to work approximately 60 minutes before their shift-start time in order to perform compensable work such as finding a pallet jack and charging it if necessary.

21. This compensable work is integral and indispensable to the work that Plaintiff and others similarly situated were hired to do.

22. This work constituted the first principle activity of their workday.

23. They cannot perform the rest of their shift without first ensuring their forklifts and pallet jacks are available and charged.

24. Defendant does not pay Plaintiff and others similarly situated for this pre-shift compensable work.

25. There are no practical administrative difficulty of recording this unpaid work of Plaintiff and other similarly situated employees. It could have been precisely recorded for payroll purposes simply by allowing them to clock in when they performed the pre-shift work.

Unpaid Work Resulting from COVID Protocols

26. As business handling beverages meant for human consumption, Defendant is regulated by the U.S. Food and Drug Administration (FDA), and are subject to the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 9, *et seq*. (FDCA).

27. In enforcing the FDCA, the FDA promulgates its own Good Manufacturing Practices (GMPs) for the manufacturing, packing, or holding of human food, set forth in 21 C.F.R. § 110, with which Defendant is required by law to comply.

28. The GMPs have a section dedicated to personnel, which specifically requires that "[a]ll persons working in direct contact with food, food-contact surfaces, and food-packaging materials ***shall conform to hygienic practices while on duty*** to the extent necessary to protect against contamination of food." 21 C.F.R. § 110.10(b) (emphasis added). These practices include, but are not limited to, maintaining adequate personal cleanliness, and taking any other necessary precautions to protect against contamination of food, food-contact surfaces, or food-packaging materials with microorganisms or foreign substances.

29. Additionally, the Occupational Safety and Health Act of 1970 entitles employees to a safe workplace and requires employers to keep the workplace free of known health and safety hazards.

30. Plaintiff and others similarly situated are required to arrive to work early before their shift in order to disinfect their work areas, and to don gloves and masks.

31. Upon information and belief, Defendant would deem it impossible for their employees to perform their job duties unless they were in compliance with federal or state food and workplace safety laws.

32. This compensable work is integral and indispensable to the work that Plaintiff and others similarly situated were hired to do.

33. This work constituted the first principle activity of their workday. They cannot perform the rest of their shifts without first performing this work.

34. Defendant does not pay Plaintiff and others similarly situated for this pre-shift compensable work.

35. There was no practical administrative difficulty of recording this unpaid work of Plaintiff and other similarly situated employees. It could have been precisely recorded for payroll purposes simply by allowing them to clock in when they performed the pre-shift work.

### Unpaid Work Resulting From Shortened Lunch Breaks

36. Defendant requires Plaintiff and others similarly situated to clock out for lunches, resulting in 30 minutes of unpaid time.

37. However, because Plaintiff and others similarly situated have to park and plug in their forklifts and/or pallet jacks, and clean their work stations before going to lunch, they do not get to enjoy the full 30 minutes of unpaid lunch time. Instead, they effectively only get breaks of approximately 15 minutes.

38. Because Plaintiff and others similarly situated are not able to enjoy the full 30 minutes of unpaid lunch time, and because breaks of 20 minutes or less must be paid under the FLSA, this company-wide practice results in 30 minutes of unpaid compensable time every day.

39. Because this unpaid compensable work falls between the first and last principle activities of Plaintiff and others similarly situated, it must be paid under the FLSA and Ohio law.

40. Plaintiff and other similarly situated employees, as full-time employees, regularly worked over 40 hours in a workweek.

41. Plaintiff and other similarly situated employees were not paid for all of the time worked as described above.

42. The amount of unpaid work is upwards to approximately 1.5 hours per day.

43. As a result of Plaintiff and other similarly situated employees not being paid for all hours worked, and Plaintiff and other similarly situated employees were not paid overtime compensation for all of the hours they worked over 40 each workweek.

44. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA by not paying Plaintiff and those similarly situated for compensable work. For example, managers and supervisors saw Plaintiff and others similarly situated performing this unpaid work, and made statements concerning coming in early in order to do their jobs. Additionally, managers made statements about avoiding safety-related lawsuits. Further, around the warehouse are posted notes concerning keeping the workplace clean and sanitary.

45. Upon information and belief, Defendant failed to make, keep, and preserve records of the required and unpaid work performed by Plaintiff and other similarly situated employees. To the extent records of hours worked are not kept, Plaintiff and those similarly situated are entitled to a reasonable estimate.

## COLLECTIVE ACTION ALLEGATIONS

46. Plaintiff brings this action on his own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other similarly situated persons who have been, are being, or will be, adversely affected by Defendant's unlawful conduct.

47. The collective which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is himself a member, is composed of and defined as follows:

> **All former and current full-time hourly employees who use electric forklifts, electric pallet jacks, and/or other similar electronic machinery, employed by Defendant within 3 years preceding the date of filing of this Complaint through the final disposition of this matter**.

48. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as his own in bringing this action.

49. These similarly situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt-in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## OHIO CLASS ACTION ALLEGATIONS

50. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of himself and all other current or former persons employed by Defendant within the last two years ("Ohio Class") defined as:

> **All former and current full-time hourly employees who use electric forklifts, electric pallet jacks, and/or other similar electronic machinery, employed by Defendant within 2 years preceding the date of filing of this Complaint through the final disposition of this matter**.

51. The class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state the exact size of the potential Ohio Class but, upon information and belief, avers that it consists of approximately 40 persons just at his location.

52. There are questions of law or fact common to the Ohio Class including: whether Defendant failed to pay its employees for pre-shift work, whether it failed to pay its employees for

7

short rest periods of 20 minutes or less, whether these company-wide practices resulted in the underpayment of overtime, and whether such overtime compensation remains unpaid.

53. Plaintiff will adequately protect the interests of the Ohio Class. His interests are not antagonistic to but, rather, are in unison with, the interests of the Ohio Class members. Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation and are fully qualified to prosecute the claims of the Ohio Class in this case.

54. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Ohio Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

55. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

56. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

57. Defendant's practice and policy of not paying Plaintiff and other similarly situated employees for all time worked and all overtime compensation earned at a rate of one and one-half

times their regular rate of pay for all hours worked over 40 each workweek violated the FLSA, 29 U.S.C. §§ 201-219, 29 C.F.R. § 785.24.

58. Defendant's failure to keep records of all hours worked for each workday and the total hours worked each workweek by Plaintiff and other similarly situated employees violated the FLSA, 29 U.S.C. §§ 201-219, 29 C.F.R. § 516.2(a)(7).

59. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of the FLSA.

60. As a result of Defendant's practices and policies, Plaintiff and other similarly situated employees have been harmed in that they have not received wages due to them pursuant to the FLSA, and because such wages remain unpaid, damages continue.

## COUNT TWO
### (Ohio Overtime and OPPA - Class Violations)

61. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

62. Defendant's practice and policy of not paying Plaintiff and other similarly situated employees for all time worked and all overtime compensation earned at a rate of one and one-half times their regular rate of pay for all hours worked over 40 each workweek violated Ohio law.

63. Defendant's failure to keep records of all hours worked for each workday and the total hours worked each workweek by Plaintiff and other similarly situated employees violated Ohio law.

64. Additionally, the OPPA requires Defendant to pay Plaintiff and the Ohio Class Members all wages, including overtime, on or before the first day of each month, for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

65. During relevant times, Plaintiff and the Ohio Class Members were not paid all overtime wages earned within 30 days of performing the work. *See* O.R.C. § 4113.15(B).

66. Plaintiff's and the Ohio Class Members' earned overtime compensation remains unpaid for more than 30 days beyond their regularly scheduled payday.

67. The OPPA provides for liquidated damages in an amount equal to six percent (6%) of the amount of the claim still unpaid or two hundred dollars per pay period, whichever is greater.

68. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of Ohio law.

69. As a result of Defendant's practices, Plaintiff and other similarly situated Ohio Class employees have been harmed in that they have not received wages due to them pursuant to Ohio's wage and hour laws, and because such wages remain unpaid, damages continue.

## COUNT THREE
### (Damages Pursuant to O.R.C. § 2307.60 - Class Violations)

70. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

71. As a result of Defendant's practices and policies, Plaintiff and the Ohio Class Members have been harmed in that they have not received wages due to them pursuant to Ohio law.

72. The Fair Labor Standards Act, 29 U.S.C. § 216(a), imposes criminal penalties for willful violations of the FLSA.

73. By their acts and omissions described herein, Defendant has willfully violated the FLSA, and Plaintiff and the Ohio Class have been injured as a result.

74. O.R.C. § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

75. As a result of Defendant's willful violations of the FLSA, Plaintiff and the Ohio Class Members are entitled to compensatory and punitive damages pursuant to O.R.C. § 2307.60.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, and all similarly situated persons, collectively pray that this Honorable Court:

A. Conditionally certify this case as a "collective action" pursuant to 29 U.S.C. §216(b), and direct that Court-approved notice be issued to similarly situated individuals informing them of this action and enabling them to opt-in;

B. Certify the Ohio Class pursuant to Fed. R. Civ. P. 23;

C. Enter judgment against Defendant and in favor of Plaintiff, the opt-ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class Members;

D. Award Plaintiff, and the collective and class he represents, actual damages for unpaid wages, and liquidated, exemplary, and punitive damages as provided under the FLSA and Ohio law;

E. Award Plaintiff, and the collective and class he represents, pre-judgment and/or post-judgment interest at the statutory rate;

F. Award Plaintiff, and the collective and class he represents, attorneys' fees, costs, and disbursements; and

G. Award Plaintiff, and the collective and class he represents, further and additional relief as this Court deems just and proper.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Robi J. Baishnab*
Robi J. Baishnab (0086195)
34 N. High St., Ste. 502
Columbus, OH 43215
Telephone:  (614) 824-5770
Facsimile:   (330) 754-1430
Email: rbaishnab@ohlaborlaw.com

Hans A. Nilges (0076017)
Shannon M. Draher (0074304)
7266 Portage Street, N.W., Suite D
Massillon, OH 44646
Telephone:  (330) 470-4428
Facsimile:   (330) 754-1430
Email: hans@ohlaborlaw.com
         sdraher@ohlaborlaw.com

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable.

*/s/ Robi J. Baishnab*
*Counsel for Plaintiff*