IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **GRANT WACHTELHAUSEN**, on behalf of himself and all others similarly situated, | ) ) ) ) | CASE NO. 2:20-cv-06234 |
| Plaintiff, | ) ) ) | **Judge Sarah D. Morrison** **Magistrate Judge Chelsey M. Vascura** |
| v. | ) ) | |
| **CCBCC, INC.**, | ) ) | |
| Defendant. | | |

## OPINION AND ORDER

Representative Plaintiff Grant Wachtelhausen ("Representative Plaintiff") and Defendant CCBCC, Inc. ("Defendant") (collectively, the "Parties") move the Court to approve their proposed Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and parallel state statute settlement ("Settlement"). (ECF No. 23.) After subsequent briefing and due review, the motion is **DENIED** without prejudice. (ECF No. 23).

### I. BACKGROUND

Representative Plaintiff filed this FLSA collective and Fed. R. Civ. P. 23 class action alleging that Defendant's failure to pay him and others similarly situated for certain compensable work performed before their shifts and when returning from lunch violated the FLSA and Ohio Revised Code § § 4111.03(D), 4113.15, and 2307.60. (ECF Nos. 1, 5.) Shortly thereafter, the parties stipulated to conditional certification but sought approval to delay notice to allow mediation to take place.

1

(ECF No. 6.) The Court approved the stipulation and certified the following collective: "all current and former Forklift Operators and Material Handlers employed by CCBCC at its Columbus facility who worked in the Warehouse operation at any point from December 4, 2017 to the present." (ECF No. 8.)

The parties settled the matter before mediation occurred. Relevant terms of the proposed Settlement include:

- Eligible Settlement Participants are defined to include "the current and former Forklift Operators and Material Handlers employed by CCBCC at its Columbus facility who worked in the Warehouse operation at any point from December 4, 2017 to March 20, 2021." (ECF No. 23-1, PageID 117.)

- An agreement that Plaintiff and the Eligible Settlement Participants are similarly situated under § 216(b) of the FLSA.

- A $225,000 common fund, from which the Eligible Settlement Participants' payments and the following sums will be deducted:
  - $75,000 attorney's fees
  - $3,818.05 costs
  - $2,500 service award

- A $143,681.95 net settlement fund for 143 members.

- Each member's pro rata share is based on "the number of workweeks worked as Material Handler/Forklift Operators in the warehouse of the Columbus facility by each of the Eligible Settlement Participants during the Covered Period in comparison to the total number of workweeks worked by all Eligible Settlement Participants during the Covered Period." (ECF No. 23-1, PageID 131-32.)

- Participants will receive approximately "9 minutes of unpaid time per day, for 100% of the alleged unpaid overtime, plus 26% liquidated at three years or 85% liquidated damages at two years. Assuming 100% participation, the approximate Net Settlement Fund divided by 143 Eligible Settlement Participants would result in an average payment

>    of approximately more than $939 per individual." (ECF No. 23, PageID 99.)
>
> - Eligible Settlement Participants have 90 days to return consent and release forms.
>
> - Notice will be sent via mail, with reminder notices 30 days after original notices go out, then again sixty days before checks expire, and again 30 days before checks expire.
>
> - Checks are valid for one year.
>
> - Unpaid sums revert to Defendant.

(ECF No. 23-1.) The Settlement also details the process for notice to the class, including provisions regarding the opt-in procedures and making a claim for settlement funds. The Settlement does not seek Rule 23 certification. *Id.*

The Court initially reviewed the Joint Motion for Approval and issued an Order on July 1, 2021 requiring supplementation as to the attorney's fees loadstar calculation. (ECF No. 24.) Representative Plaintiff timely replied, indicating that the lodestar amount was $27,149.90 in fees and the multiplier was 2.76. (ECF No. 25.)

## II. DISCUSSION

This case is a collective action brought and certified under 29 U.S.C. § 216(b). Court approval of any settlement is therefore necessary. *Crawford v. Lexington-Fayette Urb. Cty. Gov't*, No. 06-299-JBC, 2008 WL 4724499, at *2-3 (E.D. Ky. Oct. 23, 2008); *see also* 29 U.S.C. § 216(b).

### A. Bona Fide Dispute

The goal of the FLSA is to ensure that a covered employee receives a "fair day's pay for a fair day's work" and is "protected from the evil of overwork as well as underpay." *Barrentine v. Arkansas–Best Freight Sys., Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 67 L.Ed.2d 641 (1981). Accordingly, the FLSA provides that an employer who violates the Act's provisions regarding minimum wages or overtime "shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." The FLSA's provisions are mandatory and, except as otherwise provided by statute, are generally not subject to being waived, bargained, or modified by contract or by settlement. *Dillworth v. Case Farms Processing, Inc.*, No. 5:08-CV-1694, 2010 WL 776933, at *5 (N.D. Ohio Mar. 8, 2010) (citing *Brooklyn Sav. Bank v. O'Neill*, 324 U.S. 697, 65 S.Ct. 895, 89 L.Ed. 1296 (1945)).

One exception allowing FLSA claims to be compromised is "when the Court reviews and approves a settlement agreement in a private action for . . . wages under § 216(b)." *Id. See also Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). "In approving such a settlement, the Court must ensure that there is a bona fide dispute between the parties as to the employer's liability under the FLSA, lest the parties be allowed to negotiate around the FLSA's requirements concerning wages and overtime." *Kritzer v. Safelite Sols., LLC*, No. 2:10-CV-0729, 2012 WL 1945144, at *5 (S.D. Ohio May 30, 2012) (Frost, J.) (citation

omitted.) If a bona fide dispute is present, the Court may be satisfied that "the parties are not, via settlement of the plaintiffs' claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime." *Id*. (citation and quotation omitted).

Here, the parties' proposed Settlement resolves *bona fide* disputes under the FLSA. In particular, the parties disagree as to whether "the Eligible Settlement Participants performed any unpaid compensable work, whether such alleged work, if any, was de minimis, whether Defendant failed to pay appropriate overtime, whether the case was appropriate for collective treatment, whether there were would be offset(s) to damages, whether liquidated damages are appropriate, and whether a two-year or three-year statute of limitations is applicable." (ECF No. 23, PageID 98). Because of those sharp disputes between the parties, the Court concludes that the Settlement is not an attempt to "negotiate around" the FLSA's mandatory requirements of compensating employees for overtime.

### B. Fairness

"In reviewing a proposed FLSA settlement, 'a court must scrutinize the proposed settlement for fairness and determine whether the settlement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" *Chime v. Fam. Life Counseling & Psychiatric Servs.*, No. 1:19CV2513, 2020 WL 6746511, at *3 (N.D. Ohio Nov. 17, 2020) (internal quotation marks and citation omitted) (citing *Snook v. Valley OB-GYN Clinic, P.C.*, No. 14-CV-12302, 2014 WL 7369904, at *2 (E.D. Mich. Dec. 29, 2014)). Put differently, "district courts must evaluate FLSA

5

settlements for fairness, and must not simply rubber-stamp them as approved." *Murrell v. Transamerica Agency Network, Inc.*, No. 2:20-CV-2559, 2021 WL 128609, at *1 (S.D. Ohio Jan. 14, 2021) (Jolson, M.J.) (citation and quotation omitted).

In determining fairness, six factors matter:

(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel.

*Id.* (citations omitted). "The court may choose to consider only factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case." *Gentrup v. Renovo Servs., LLC*, No. 1:07CV430, 2011 WL 2532922, at *3 (S.D. Ohio June 24, 2011) (Black, J.).

Neither fraud nor collusion are present here. The Settlement was reached via arm's length negotiations among experienced opposing counsel. Additionally, the complexity, expense, and likely duration of the litigation favor the Settlement. As noted above, the parties disagree as to the merits of the case; thus, continued litigation would be both costly and lengthy. Prior to reaching the Settlement, counsel had access to sufficient discovery to adequately assess the likelihood of success and the risks involved in continued litigation. Regarding Representative Plaintiff's probability of success, he concedes that continued litigation "would be risky." (ECF No. 23, PageID 105.) Potential recovery for Representative Plaintiff is unknown. *Id.* Lastly, counsel jointly recommend Settlement approval. *Id.*, PageID 106. "The recommendation of [] [c]ounsel, skilled in class actions and corporate matters, that the Court should approve the [s]ettlement is entitled to deference."

6

*Bailey v. Black Tie Mgmt. Co. LLC*, No. 2:19-cv-1677, 2020 U.S. Dist. LEXIS 144274, at *10 (S.D. Ohio Aug. 12, 2020) (Sargus, J.) (citation and quotation omitted). The fairness factors therefore weigh in favor of approval.

### C. Attorney's Fees for Collective Counsel

Where, as here, a FLSA settlement agreement proposes an award of attorney's fees, such fees are mandatory but must be reasonable. 29 U.S.C. § 216(b); *see also Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999) (citing *Blum v. Stenson*, 465 U.S. 886, 894 (1984)). Representative Plaintiff's counsel seeks $75,000, equating to 33% of the common fund, in attorney's fees. (ECF No. 23, PageID 101.) Actual attorney's fees are $27,149.40. (ECF No. 25, PageID 169.)

"A reasonable fee is one that is adequate to attract competent counsel, but does not produce windfalls to attorneys." *Reed*, 179 F.3d at 471 (quoting *Blum*, 465 U.S. at 897) (internal quotation marks, alterations, and citations omitted). The party seeking attorney's fees bears the burden of demonstrating the reasonableness of the hours billed and the hourly rates applied. *Gonter v. Hunt Valve Co., Inc.*, 510 F.3d 610, 617 (6th Cir. 2007) (citing *Reed*, 179 F.3d at 472). *See also Van Horn v. Nationwide Prop. & Cas. Ins. Co.*, 436 F. App'x 496, 498 (6th Cir. 2011). "When determining a reasonable hourly rate, 'courts use as a guideline the prevailing market rate . . . that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record.'" *Van Horn*, 436 F. App'x at 498–99 (quoting *Gonter*, 510 F.3d at 618).

The Sixth Circuit has approved both the "lodestar" and common fund method for reasonableness review. The Court has the discretion to use either approach when determining the reasonableness of requested attorney fees. *Rawlings v. Prudential-Bache Props., Inc.*, 9 F.3d 513, 516-17 (6th Cir. 1993). "The lodestar method better accounts for the amount of work done, while the percentage of the fund method more accurately reflects the results achieved." *Id.* at 516. While Courts routinely employ the percentage-of-the-fund method when reviewing FLSA collective action settlements, the "lodestar calculation gives a useful crosscheck." *Jones v. United Am. Sec.*, No. 1:20-cv-00440, 2021 U.S. Dist. LEXIS 134419, at *8 (N.D. Ohio July 20, 2021) (citation omitted). "Regardless of how the award is calculated, the final amount must be reasonable." *Feiertag v. DDP Holdings, LLC*, No. 14-CV-2643, 2016 U.S. Dist. LEXIS 122297, at *19 (S.D. Ohio Sep. 9, 2016) (Marbley, J.) (citing *Rawlings*, 9 F.3d at 516).

Turning first to the percentage-of-the-fund analysis, Representative Plaintiff's counsel seeks $75,000, equating to 33% of the common fund, in attorney's fees. (ECF No. 23, PageID 101.) To determine if that sum is reasonable, the Court considers:

> (1) "the value of the benefit to the Collective, (2) society's interest in rewarding attorneys 'who produce such benefits in order to maintain an incentive to others,' (3) whether counsel took on the litigation on a contingent fee basis, (4) counsel's services value on an hourly basis, (5) the complexity of the litigation, and (6) both parties' counsel's professional skill.

*Jones v. United Am. Sec.*, No. 1:20-cv-00440, 2021 U.S. Dist. LEXIS 134419, at *9 (N.D. Ohio July 20, 2021) (quoting *Ramey*, 508 F.2d 1188).

8

Eligible Settlement Participants who opt-in will receive 100% of their alleged unpaid overtime. (ECF No. 23, PageID 107.) Society appreciates the efforts of attorneys who endeavor to obtain results in FLSA actions that produce incentives to both employers to pay their employees what is due and to employees to bring their employers' insufficient pay practices to light. Representative Plaintiff's counsel took this case on a contingency fee. (ECF No. 25, PageID 170.) The Court is familiar with counsels' skill and experience.

As to the value of counsel's services, while 33% is typical for attorney's fees in FLSA collective actions in this District, "a fee award in a particular case may be higher or lower based on unique circumstances in a particular case." *Hebert v. Chesapeake Operating, Inc.*, No. 2:17-cv-852, 2019 U.S. Dist. LEXIS 160792, at *21-22 (S.D. Ohio Sep. 20, 2019) (Morrison, J.). The fee award of 33% may be reasonable when the case is "complex" and the supplied lodestar information supports that amount. *Id.*

The subject matter of this case may be complex, but the administration of it has not been. Representative Plaintiff filed a pre-Answer Amended Complaint. (ECF No. 5.) That same day, the parties stipulated to conditional certification. (ECF No. 6.) Just two motions have been filed—to stay and to approve Settlement—and both were joint. (ECF Nos. 17; ECF No. 23.) Rule 23 certification was not sought. The Court employs the lodestar cross-check "to confirm the reasonableness of the percentage-of-the fund award." *Bowling v. Pfizer, Inc.*, 102 F.3d 777, 780 (6th Cir. 1996); *see also Thorn v. Bob Evans Farms, Inc.*, No. 2:12-cv-00768, 2016 U.S. Dist.

9

LEXIS 195207, at *2 (S.D. Ohio Feb. 25, 2016) (McCann King, M.J.) (using crosscheck); *Vigna v. Emery Fed. Credit Union*, No. 1:15-cv-51, 2016 U.S. Dist. LEXIS 166605, at *17 (S.D. Ohio Dec. 2, 2016) (Dlott, J.) (same); and *Osman v. Grube, Inc.*, No. 3:16-cv-00802-JJH, 2018 U.S. Dist. LEXIS 78222, at *7-9 (N.D. Ohio May 4, 2018) (same).

In calculating the lodestar, "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433–4 (1983); *see also Gonter v. Hunt Valve Co., Inc.*, 510 F.3d 610, 616 (6th Cir. 2007). Attorney Baishnab's Declaration provides that his firm spent 86.20 hours on this case at an hourly rate of $331 for a total of $27,149.40. (ECF No. 25-1, PageID 169.) The supplemental materials provide only names and not positions for those who worked on the case, making it impossible for the Court to determine if the charged hourly rates are reasonable. For purposes of argument, the Court assumes that $331 an hour is reasonable.

"A percentage-of-the-fund attorneys' fee award is reasonable when it amounts to double the loadstar attorneys' fees incurred by the plaintiffs' counsel." *Osman*, 2018 U.S. Dist. LEXIS 78222, at *7 (referencing *Thorn,* 2016 WL 8140448, at *3). Representative Plaintiff's counsel seeks $47,850.60 more than the lodestar sum. The 33% sought is therefore unreasonable as it is almost triple the lodestar total.

10

The lodestar multiplier is 2.76. (ECF No. 25, PageID 169.) Courts in this District approve multipliers between 2.01, *Thorn,* and 2.57, *Swigart.* The present multiplier is well outside of those thresholds.

In sum, the Court concludes that Settlement fails the applicable review because the attorney's fees are unreasonable under the present facts. This determination negates the necessity for a court cost, service award, and notice analysis.

### III. CONCLUSION

For the reasons above, the Joint Motion for Fair Labor Standards Act Settlement and Approval and Dismissal is **DENIED WITHOUT PREJUDICE**. (ECF No. 23.)

**IT IS SO ORDERED**.

/s/Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**