UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**GRANT WACHTELHAUSEN**, on behalf of himself and all others similarly situated,

:

Plaintiff,

v.

**CCBCC, INC.**,

:

Defendant.

**Case No. 2:20-cv-6234**
**Judge Sarah D. Morrison**
**Magistrate Judge Chelsey M. Vascura**

## ORDER

Representative Plaintiff Grant Wachtelhausen ("Representative Plaintiff") and Defendant CCBCC, Inc. ("Defendant") (collectively, the "Parties") have filed a Renewed Motion asking the Court to approve their proposed Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and parallel state statute settlement ("Settlement"). (ECF No. 27). The motion is **GRANTED**.

**I.    DISCUSSION**

The Court incorporates the legal analysis and conclusions set forth in the Opinion and Order Denying Joint Motion for FLSA Settlement Approval and Dismissal (ECF No. 26) except as to the issue of attorney's fees. As discussed in that Opinion, the proposed Settlement resolves a bona fide dispute under the FLSA, and the "fairness" factors favor approval. (*Id.*).

1

### A. Attorney's Fees

Where, as here, a FLSA settlement agreement proposes an award of attorney's fees, such fees are mandatory but must be reasonable. 29 U.S.C. § 216(b); *see also Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999) (citing *Blum v. Stenson*, 465 U.S. 886, 894 (1984)). The Sixth Circuit has approved both the lodestar and common fund method for reasonableness review. The Court has the discretion to use either approach when determining the reasonableness of requested attorney fees. *Rawlings v. Prudential-Bache Props., Inc.*, 9 F.3d 513, 516–17 (6th Cir. 1993). "The lodestar method better accounts for the amount of work done, while the percentage of the fund method more accurately reflects the results achieved." *Id.* at 516. While Courts routinely employ the percentage-of-the-fund method when reviewing FLSA collective action settlements, the "lodestar calculation gives a useful crosscheck." *Jones v. United Am. Sec.*, No. 1:20-cv-00440, 2021 WL 3056319, at *4 (N.D. Ohio July 20, 2021) (citation omitted). "Regardless of how the award is calculated, the final amount must be reasonable." *Feiertag v. DDP Holdings, LLC*, No. 14-CV-2643, 2016 WL 4721208, at *6 (S.D. Ohio Sep. 9, 2016) (Marbley, J.) (citing *Rawlings*, 9 F.3d at 516).

Turning to the percentage-of-the-fund analysis, Plaintiff's Counsel now seeks $69,836.96, equating to 31% of the common fund, in attorney's fees.[1] (ECF No. 27,

---

[1] The difference between the original fee request ($75,000) and current fee request ($69,836.96) is $5,163.04. (ECF No. 27, PageID 202).

2

PageID 196). The Defendant does not object to this fee amount. (ECF No. 27–1, PageID 220). To determine if that sum is reasonable, the Court considers:

> (1) the value of the benefit to the Collective, (2) society's interest in rewarding attorneys 'who produce such benefits in order to maintain an incentive to others,' (3) whether counsel took on the litigation on a contingent fee basis, (4) counsel's services value on an hourly basis [(lodestar cross-check)], (5) the complexity of the litigation, and (6) both parties' counsel's professional skill.

*Jones*, 2021 WL 3056319, at *4 (citing *Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188, 1196 (6th Cir. 1974)). While 33% is typical for attorney's fees in FLSA collective actions in this District, "a fee award in a particular case may be higher or lower based on unique circumstances in a particular case." *Hebert v. Chesapeake Operating, Inc.*, No. 2:17-cv-852, 2019 WL 4574509, at *8 (S.D. Ohio Sep. 20, 2019) (Morrison, J.).

The Court found the original proposed fee award to be unreasonable because the administration of this case was not complex, and the lodestar information did not support a $75,000 award (33% of the common fund). (ECF No. 26, PageID 185). Representative Plaintiff filed a pre-Answer Amended Complaint (ECF No. 5), and that same day, the parties stipulated to conditional certification. (ECF No. 6). Just two motions had been filed prior to the Renewed Motion — to stay and to approve Settlement — and both were joint. (ECF Nos. 17, 23). Rule 23 certification was not sought. The lack of complex administration, then, warrants a fee award below 33%.

While Plaintiff's Counsel now seeks a reduced fee award with a lodestar multiplier of 2.57, they aver that this Court had approved multipliers well over the originally requested multiplier of 2.76. (ECF No. 27, PageID 202). It is true that this Court has approved higher multipliers, and the Parties cite examples. However,

Plaintiff's Counsel fail to consider that counsel in each of the cited cases engaged in more time-consuming or complex litigation than the Parties did here. The Court has considerable discretion in determining whether a requested fee award is reasonable (*Ramey*, 508 F.2d at 1196), and that inquiry requires an examination of the facts and circumstances of each case, not merely a survey of accepted multipliers in any case. Even so, upon review of the Renewed Motion and considering Plaintiff's Counsel now requests a reduced lodestar multiplier of 2.57, the Court finds $69,836.96 (31% of the common fund) to be a reasonable fee award under the present facts.

Applying the *Ramey* factors, Eligible Settlement Participants who opt-in will receive 100% of their alleged unpaid overtime, even after deducting fees. (ECF No. 27, PageID 195). The proposed Settlement spares significant litigation expense. (*Id.*, PageID 205). Second, society appreciates the efforts of attorneys who endeavor to obtain this type of result in FLSA actions. Such an outcome incentivizes both employers to pay their employees what is due and employees to bring their employers' insufficient pay practices to light. Third, Plaintiff's Counsel took this case on a contingency fee. (ECF No. 27–2, Baishnab Decl., ¶ 24). Fourth, Plaintiff Counsel's $331 hourly rate is reasonable (*Id.*, Lazzaro Decl., ¶ 13), and the reduced lodestar multiplier of 2.57 resulting in a $69,836.96 fee supports awarding Plaintiff's Counsel 31% of the common fund. Lastly, the Court is familiar with counsels' skill and experience. Accordingly, the Court approves Plaintiff's Counsel request for $69,836.96 in attorney's fees.

4

### B. Out-of-Pocket Litigation Expenses

Plaintiff's Counsel "is entitled to reimbursement of all reasonable out-of-pocket expenses and costs incurred in the prosecution of claims and in obtaining settlement." *Brandenburg v. Cousin Vinny's Pizza, LLC*, No. 3:16-CV-516, 2019 WL 6310376, at *7 (S.D. Ohio Nov. 25, 2019) (Rice, J.). Counsel asserts that current out-of-pocket expenses amount to $3,818.05 and consist of court filing fees, postage, and expert fees. (ECF No. 27–2, Baishnab Decl., ¶ 27). Plaintiff's Counsel will not receive any fees incurred in effectuating notice and settlement, including fielding inquiries from Eligible Participants and working with the Settlement Administrator. (*Id.*, ¶ 24). Defendant does not oppose the requested out-of-pocket expenses. (*Id.*). These expenses were reasonable and necessary in connection with prosecuting this case. Accordingly, the Court authorizes a reimbursement of $3,818.05 to Plaintiff's Counsel.

### C. Service Award

The Settlement proposes to award $2,500 to Representative Plaintiff for his efforts in bringing and pursuing this action. The Defendant does not oppose this award. (ECF No. 27–2, Baishnab Decl., ¶ 23). Service awards are "efficacious ways of encouraging members of a class to become class representatives and rewarding individual efforts taken on behalf of the class. *Ganci v. MBF Inspection Servs., Inc.*, No. 2:15-CV-2959, 2019 WL 6485159, at *8 (S.D. Ohio Dec. 3, 2019) (Vascura, M.J.) (citing *Hadix v. Johnson*, 322 F.3d 895, 897 (6th Cir. 2003)). "[C]ourts routinely approve incentive awards to compensate named plaintiffs for the services they

provided and the risks they incurred during the course of the class action litigation." *Id.* (citing *Dillworth v. Case Farms Processing, Inc.*, No. 5:08-cv-1694, 2010 WL 776933, at *7 (N.D. Ohio Mar. 8, 2010)).

Here, Representative Plaintiff made himself available and contributed significant time and effort to assisting Plaintiff's Counsel throughout the litigation. (ECF No. 27–2, Baishnab Decl., ¶ 23). He also assisted counsel with mediation preparation and evaluating settlement offers. (*Id.*). Accordingly, the Court approves Representative Plaintiff's Service Award of $2,500.00.

### D. The Settlement Notice

Collective actions under 29 U.S.C. § 216(b) require workers to affirmatively opt-in to the case. Consequently, "[b]ecause the failure to opt in to an FLSA lawsuit does not prevent potential members of the collective from bringing their own suits in the future, FLSA collective actions do not implicate the same due process concerns as do Rule 23 actions." *Osman v. Grube*, 2018 WL 2095172, at *2 (N.D. Ohio May 4, 2018).

Here, the Settlement does not seek Rule 23 certification, and notice is adequate. The Settlement Notice notifies the class members of the allocation formula, the steps class members must follow in order to participate, the consequences of non-participation, the actual monetary amount to which they are entitled under the settlement, the effect of cashing the check, the scope of the release, the time class members have to cash their settlement checks, and the request for attorneys' fees and costs. *Lauture v. A.C. Moore Arts & Crafts, Inc.*, No.

17-CV-10219, 2017 WL 6460244, at *2; (ECF No. 27–1, PageID 234–40). The Notice appropriately directs questions to Plaintiff's Counsel and not the Court. (ECF No. 27–1, PageID 236). Lastly, the Notice communicates information in an accurate and plain English manner. *See Michaud v. Monro Muffler Brake, Inc.*, No. 12 Civ. 00353, 2015 WL 1206490, at *10 (D. Me. Mar. 17, 2015).

Accordingly, the Court finds the Settlement Notice to be the best practicable means of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed settlement. The Settlement Notice is approved with the following modification: "31%" shall replace the language "one-third (1/3)" in paragraph 13 of the Notice. The Court retains jurisdiction over this action to enforce the terms of the Settlement Agreement.

## II. CONCLUSION

For the reasons above and for the reasons in the Opinion and Order Denying Approval (ECF No. 26), the Renewed Joint Motion for FLSA Settlement Approval and Dismissal is **GRANTED**. (ECF No. 27). The claims are **DISMISSED** with prejudice. The Clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

/s/Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**

7